# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION
#### (*Electronically Filed*)

KESHIA CLEMONS, as MOTHER
and NEXT FRIEND of T.W.,
274 Bridlewood Avenue
Shelbyville, Kentucky 40065

**Plaintiff**,

**VS.**                                   CIVIL ACTION NO. <u>3:15-cv-522-GNS</u>

SHELBY COUNTY BOARD OF EDUCATION,
P.O. Box 159
1155 West Main Street
Shelbyville, Kentucky 40066

      **SERVE**:    Any member of the Shelby County Board of Education
                P.O. Box 159
                1155 West Main Street
                Shelbyville, Kentucky 40066

SCOTT RICKE,
c/o Martha Layne Collins High School
801 Discovery Boulevard
Shelbyville, Kentucky 40065

JOHN LEEPER,
c/o Martha Layne Collins High School
801 Discovery Boulevard
Shelbyville, Kentucky 40065

**-AND-**

JAMES NEIHOF, SUPERINTENDENT,
c/o Shelby County Board of Education
1155 West Main Street
Shelbyville, Kentucky 40066,

**Defendants**,

## **COMPLAINT**

      *     *     *     *     *     *     *     *     *     *

Comes now the Plaintiff, KEISHA CLEMONS, as Mother and Next Friend of T.W., a Minor under the age of eighteen (18), in person, by and through counsel, and for her causes of action herein, states as follows:

1. That at all times relevant hereto, the Plaintiff, KEISHA CLEMONS, was a resident of Shelbyville, Shelby County, Kentucky, with a primary residence at 274 Bridlewood Avenue Shelbyville, Kentucky 40065;

2. That at all times relevant hereto, T.W. was a student at Martha Layne Collins High School, 801 Discovery Boulevard, Shelbyville, Kentucky 40065, of the Shelby County Board of Education d/b/a Shelby County Public School District; and, further, that during the 2013-2014 school year, T.W. was a member of the girls tennis team at Martha Layne Collins High School;

3. That the Defendant, the SHELBY COUNTY BOARD OF EDUCATION (hereinafter "SCBE") operates, manages, and/or does business as the Shelby County Public School District, and is a recipient of Federal funds; and, further, that all defendant(s) herein otherwise named are employees, agents, ostensible agents and/or representatives of the SCBE;

4. That on, about, and before April 1, 2015, the Defendant, SCOTT RICKE (hereinafter, "Defendant Ricke") was an employee of the SCBE, and the coach of the girls tennis team at Martha Layne Collins High School;

5. That on about and/or before April 1, the Defendant, JAMES NEIHOF (hereinafter, "Defendant Superintendent Neihof") was an employee of the SCBE in the capacity as Superintendent of the Shelby County Schools;

6. That on, about and/or before April 1, 2015, the Defendant, JOHN LEEPER (hereinafter, "Defendant Leeper"), was an employee of the SCBE in the capacity of Principal of Martha Layne Collins High School;

7.    That jurisdiction herein is based upon Federal Question Jurisdiction, 28 U.S.C. 1331, animated by: Title IX of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, 20 U.S.C., Section 1681, and section 504 of the Rehabilitation Act of 1973, and the Equal Protection Clause, the Fourteenth Amendment of the Constitution of the United States of America, and the Constitutional the Commonwealth of Kentucky;

8.    That the actions of Defendant SCBE and/or said Defendant through its employees, agents, ostensible agents, or other representatives named herein, have violated the civil rights of the Plaintiff, T.W.;

9.    That at all times relevant hereto, pursuant to Section 504 of the Rehabilitation Act of 1973, T.W. had a qualified "504 Plan" as a student at Martha Layne Collins High School with the recognized disability of Asperger's Syndrome. See Exhibit(s) 1 and 2 attached hereto;

10.    That during the 2013-2014 school year, T.W. participated as a member of the tennis team at Martha Layne Collins High School; and, further, that during said school year, there were no tryouts held or required for students to join the tennis team;

11.    That during the 2014-2015 school year, there were mandatory tryouts held for the girls tennis team of Martha Layne Collins High School, but no tryouts required for the boys tennis team of said school; and, further, that both teams had the same number or greater number of team players in school year 2014-2015 as there were in 2013-2014;

12.    That the foregoing discriminatory conduct during the 2014-2015 school year constitute violation(s) of Title IX of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, 20 U.S.C., Section 1681, and/or Section 504 of the Rehabilitation Act of 1973, and/or the Equal Protection Clause, the Fourteenth Amendment of the Constitution of the United States of America, and the Constitutional the Commonwealth of Kentucky;

13.     That Defendant Ricke was fully aware of T.W.'s disability in the 2013-2014 school year; and regarded her as having a disability; and discriminated against her in violation of Section 504 of the Disability Act of 1973 by:

a.      Making verbal statements regarding T.W. being different and/or not being the same as the other female members of the tennis Martha Layne Collins tennis team; or words to that effect; and,

b.      Did not invite T.W. to the team banquet at the end of the 2013-2014 school year;

14.     That the Plaintiff(s) voiced numerous protests in regard to Defendant Ricke's verbal discrimination of T.W.; which was clearly in violation of T.W.'s accommodations pursuant to Federal and State law;

15.     That in spite of the protests of the Plaintiff, Defendant Leeper and Defendant Superintendent Neihof approved Defendant Ricke to be rehired as the tennis coach, with full knowledge that he had made inappropriate comments about T.W.'s disability, and that he had already discriminated against T.W. with full knowledge of and/or regarding her as having a disability; and, further that Defendant Ricke's contract was not required to be renewed;

16.     That in March of 2015, tryouts were held by Defendant Ricke solely for the females wanting to join the girls tennis team at Martha Layne Collins High School and consisting of Defendant Ricke lobbing tennis balls in the gymnasium to each of the girls who were trying out;

17.     That out of all of the female students desiring to join the girls tennis team at Martha Layne Collins High School, the only three not allowed on the team were T.W. and her two younger sisters;

18.     That T.W. was eliminated from the tryouts even though she had been on the team last school year and defeated members of the team last year who were still on the team;

- 4 -

19.    That the foregoing actions of Defendant Ricke were a continuation of discrimination against T.W. in violation of Article IX of the Civil Rights Act of 1964;

20.    That once again, the parents of T.W. vociferously complained about the discriminatory conduct of Defendant Ricke, and due to said complaints, Defendant(s) Leeper and Niehof voided the previous tryouts; and, although confusing, T.W. had reason to believe that she was back on the team;

21.    That although T.W. was "back on the team" as she was permitted to be in the team photograph by Defendant Ricke, T.W. was told by Defendant Ricke that she was not back on the team; said Defendant then intentionally left T.W. off the team when interviewed about the team by the Sentinel-News;

22.    That on or about April 1, 2015, the Plaintiff had reason to believe that T.W. would have four (4) challenge matches over the next two (2) days, and from the bottom rung players up; T.W. had won four (4) out of seven (7) competitive matches the year before and was ahead of some of the same bottom rung players. Contrary to those beliefs and/or understandings, Defendant Ricke forced T.W. to participate in challenge matches against the top four (4) ranked tennis players, further stating to T.W. that she was disqualified from participating in any competitive matches unless T.W. did so;

23.    That Defendant Ricke further retaliated and discriminated against T.W. contrary to the agreement and/or understanding of the parties, by stating that T.W. could be on the team, but that she not participate in any competitive matches unless she played all top four (4) players, and even as no other team member was forced to play the top four (4) players on order to participate in competitive matches; and, further, that Defendant Ricke knew that T.W. needed four (4) competitive matches to earn her varsity bar. There is no real difference if T.W. is on the team,

but not allowed to compete, or just being off the team. T.W. had played sixteen games, and was physically exhausted. In spite of inquiries as to whether or not the matches could be completed the next day and visibility was reduced due to the lateness of the day, Defendant Ricke continued his discrimination and retaliation against T.W.; and refused the request. With members of Plaintiff's family present, Defendant Ricke ordered her to play member number 3. At that point, plaintiff's family became concerned about her health both physically and emotionally and withdrew T.W. from the remainder of the competitive matches; and from Martha Layne Collins High School;

24.     That the actions of the Defendants were retaliatory and in callous disregard for all civility owed to their student, T.W., as well as continued blatant violation of Title IX, and a total evisceration of her Section 504 Plan. See: Exhibit(s) 1 and 2; and

25.     That the actions of the Defendants were willful and wanton all for which punitive damages should be allowed.

        **WHEREFORE**, the Plaintiff, KESHIA CLEMONS, as MOTHER and NEXT FRIEND of T.W., demands judgment against the Defendant(s), the SHELBY COUNTY BOARD OF EDUCATION, SCOTT RICKE, JOHN LEEPER and against Defendant JAMES NEIHOF, SUPERINTENDENT, jointly and severally, as follows:

        A.      Deprivation of the Plaintiffs' civil rights pursuant to the Civil Rights Act of 1964, Title IX Section 703, et seq., 42 U.S.C. 2000E, Civil Rights Act of 1991, Title IX of the Education Amendments of 1972, 20 U.S.C., Section 1681, and damages both actual, incidental, and punitive and/or exemplary damages where allowed by law, in a sum not to exceed $500,000.00; and,

        B.      Attorney's fees where permitted by law;

C.      Punitive damages where permitted by law;

D.      All court costs herein expended;

E.      Trial by jury herein; and

F.      Any and all such other relief to which the Plaintiff may appear entitled, including but not limited to being and restrained and enjoined from any further violations of Title IX and of Section 504 of the Rehabilitation Act of 1973.


Respectfully submitted,                                Dated: June 17, 2015


*/s/ Peter J. Jannace*                                 */s/ (by PJJ with consent)*
PETER J. JANNACE                                       TEDDY B. GORDON
*Attorney for Plaintiff*                               *Attorney for Plaintiff*
807 West Market Street                                 807 West Market Street
Louisville, KY 40202                                   Louisville, KY 40202
(646) 783-9810                                         (502) 585-3534
peter.jannace@gmail.com                                tbearaty@aol.com